IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SECURA INSURANCE,<br>A MUTUAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| vs. | ) | |
| | ) | |
| CREATIVE SIGNS I, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve at: | ) | |
| Attn: Curtis Johnson | ) | |
| **5400 E. 205th St.** | ) | |
| **Belton, Missouri 64012** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Secura Insurance, a Mutual Company, by and through the undersigned counsel, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and 2202, and for its Complaint for Declaratory Judgment, states as follows:

1. Plaintiff, Secura Insurance, a Mutual Company, ("Secura"), is a foreign insurance company organized and existing under the laws of the State of Wisconsin, with its principal place of business in Appleton, Wisconsin, and authorized to do business in the State of Missouri. Therefore, for the purposes of this Declaratory Judgment based on diversity of citizenship, Plaintiff is a citizen of Wisconsin.

2. Upon information and belief, Defendant Creative Signs I, Inc. is a Missouri corporation with its principal place of business in Cass County, Missouri.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 2201-2202, as Secura is seeking a determination of its rights and obligations under a policy of insurance that was issued to Defendant.

4. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between Secura and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

5. Venue is proper in this division under 28 U.S.C. § 1391 because the events giving rise to the claim occurred in Cass County, Missouri, within this judicial district.

6. Secura issued a policy of insurance to Defendant, having policy number 20-CP-003156601-5/000 and having a policy period of November 3, 2015 to November 3, 2016. A copy of the Policy is attached hereto as Exhibit A, and incorporated by referenced as if fully set forth herein.

7. Defendant claims that on or about April 25, 2016, the building and business personal property located at 401 Commercial Street, Belton, Missouri 64012 sustained damages as a result of a burglary.

8. Defendant subsequently submitted a claim for insurance proceeds relating to the damage to the real and personal property located at 401 Commercial Street, Belton, Missouri, 64012, thereby presenting a formal claim for insurance proceeds under the aforesaid policy of insurance.

9. The policy of insurance contains the following relevant provisions:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

***

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

10. Defendant is barred from recovery under the aforesaid policy because Secura's investigation of the claim has led to a reasonable belief and conclusion that no burglary, theft, and/or vandalism occurred, and as such, no loss occurred due to a covered cause of loss pursuant to the policy provision referenced in Paragraph 9 above.

11. The policy of insurance contains the following relevant exclusions:

**CAUSES OF LOSS – SPECIAL FORM**

\*\*\*

**B. Exclusions**

2. We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

**h.** Dishonest or criminal act by you, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

    (1) Acting alone or in collusion with others; or
    (2) Whether or not occurring during the hours of employment.

This exclusion does not apply to acts of destruction by your employees (including leased employees); but theft by employees (including leased employees) is not covered.

\*\*\*

**MISSOURI CHANGES**

\*\*\*

**I.** For the Commercial Property Coverage Part, the following exclusion and related provisions are added to Paragraph **B.2. Exclusions** in the Causes of Loss Forms and to any Coverage Form or policy to which a Cause of Loss Form is not attached:

1. We will not pay for loss or damage arising out of any act an insured commits or conspires to commit with the intent to cause a loss.

In the event of such loss, no insured is entitled to coverage, even insureds who did not commit or conspire to commit the act causing the loss.

\*\*\*

12. Alternatively, if a burglary, theft, and/or vandalism loss occurred as claimed, Defendant is barred from recovery under the aforesaid policy because Secura's investigation of the claim has led to a reasonable belief and conclusion that Defendant, or someone at its direction, burglarized and/or vandalized the property with the intent to cause the claimed loss, and as such, coverage for the claimed loss is excluded pursuant to the policy exclusions referenced in Paragraph 11 above.

13. The policy of insurance contains the following conditions:

**COMMERCIAL PROPERTY CONDITIONS**

\*\*\*

**A. Concealment, Misrepresentation or Fraud**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this coverage part.

\*\*\*

14. Defendant is barred from recovery under the aforesaid policy of insurance because Secura's investigation into the facts and circumstances surrounding the claimed loss has led to the reasonable belief and conclusion that Defendant concealed and/or

misrepresented material facts with respect to the cause of the claimed loss, and as such, has breached the policy condition referenced in Paragraph 13 above.

15. Specifically, during the course of Secura's claim investigation, Defendant concealed and/or misrepresented material facts in its statements to Secura, its agents, and/or representatives that the claimed burglary, vandalism, and/or theft actually occurred, among other things.

16. Alternatively, during the course of Secura's claim investigation, Defendant concealed and/or misrepresented material facts in its statements to Secura, its agents, and/or representatives that neither Defendant, nor anyone at its direction, intentionally caused the claimed loss to the property, among other things.

17. An actual case or controversy of a justiciable nature exists between Secura and Defendant concerning the rights and obligations of each party under the policy of insurance.

18. Secura has complied with all terms, conditions, and provisions of the policy of insurance, and is specifically reserving any and all rights and defenses it has or may have under the policy of insurance, including additional rights and defenses that may become apparent throughout the course of discovery in this case.

19. Secura has sustained damages as a result of Defendant's breach of the policy conditions and intentional acts in that Secura has sustained the costs and expenses of a prolonged claim investigation, including attorneys' fees, and said costs and expenses are continuing to accrue.

20. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Secura and Defendant under the policy of insurance.

21. **SET OFF.** Secura became obligated, pursuant to the provisions in the policy of insurance, to make and did make an advance payment to Defendant for real property in the amount of Twenty Thousand One Hundred Sixty-Five Dollars and Five Cents ($20,165.05). In the event of judgment in favor of Defendant, Secura requests a set-off in this amount.

22. **SET OFF.** Secura became obligated, pursuant to the provisions in the policy of insurance, to make and did make an advance payment to Defendant for business personal property in the amount of Thirty-Nine Thousand Seven Hundred Forty-Four Dollars ($39,744.00). In the event of judgment in favor of Defendant, Secura requests a set-off in this amount.

WHEREFORE, Plaintiff Secura Insurance, a Mutual Company, respectfully requests this Court to declare the rights and obligations of the parties under the policy of insurance issued to Defendant, and to enter judgment in favor of Secura, adjudging and declaring:

A. That there is no coverage under the policy of insurance for Defendant's claimed loss;

B. That Plaintiff is not in any manner liable to Defendant under the aforesaid policy of insurance for the claimed loss;

C. That no burglary, vandalism, and/or theft occurred at the insured location, contrary to Defendant's claim. Alternatively, that if a burglary, vandalism, and/or theft occurred at the insured location, Defendant or someone at Defendant's direction caused the damages;

D. That Defendant intentionally concealed or misrepresented material facts regarding the cause of the claimed loss;

E. The Plaintiff is entitled to recover any prior payments to Defendant, all of its costs and expenses, including attorneys' fees, from Defendant, as a result of Defendant's breach of the policy conditions and fraud;

F.  That Plaintiff is entitled to recover such other and further relief as this Court deems just and proper under the circumstances.

BROWN & JAMES, P.C.

/s/Timothy J. Wolf
Timothy J. Wolf, #53099
Katherine F. Asfour, #68984
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
twolf@bjpc.com
kasfour@bjpc.com
*Attorney for Secura Insurance Company*